UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHAN HOANG TRUONG, | No.  1:26-cv-00449-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| TONYA ANDREWS, | (Doc. No. 10) |
| Respondent. | |

Petitioner, a noncitizen proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  Respondent filed objections to the findings and recommendations.

The Court rejects Respondent's objections, including its post-hoc and speculative argument regarding changed circumstances.  (ECF No. 11 at 2) ("Thus, a reasonable inference can be drawn that Petitioner's revocation was due to his violation of the conditions of his supervision.").)  8 C.F.R. 241.13(i)(2) requires that the determination that changed circumstances will result in the noncitizen's removal in the reasonably foreseeable future is made before the

1

removable noncitizen has had their release revoked.  See Nguyen v. Andrews, 2026 WL 263058, at *4 (E.D. Cal. Feb. 2, 2026), report and recommendation adopted, 2026 WL 412183 (E.D. Cal. Feb. 13, 2026) (citing 8 C.F.R. § 241.13(i)(2)); Nguyen v. Charles, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025) ("The 'on account of' language [in § 241.13(i)(2)] means that the 'changed circumstances' are a prerequisite to revocation.") (quoting 8 C.F.R. § 241.13(i)(2)); Duong v. Charles, 2025 WL 3187313, at *3 (E.D. Cal. Nov. 14, 2025); Tran v. Noem, 2025 WL 3005347, at *2 (S.D. Cal. Oct. 27, 2025) (stating that "§ 241.13(i)(2) requires that this determination is made before the removable [noncitizen] has had his release revoked"); Sphabmixay v. Noem; 2025 WL 3034071, at *2 (S.D. Cal. Oct. 3, 2025).

The Court also rejects Respondent's argument that petitioner bears the initial burden to demonstrate that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, an argument it also raised in its answer to the petition (ECF No. 8 at 3).  See E.N. v. Albarran, 1:26-cv-00406 DC EFB, 2026 WL 249607, at *4 (E.D. Cal. Jan. 30, 2026) (citing Nguyen v. Albarran, 1:25-cv-1926 CSK, 2026 WL 184513, at *5 (E.D. Cal. Jan. 23, 2026) (holding that a declaration from a deportation officer stating that ICE "began the process of requesting travel documents" from the removal country was insufficient under section 241.13 because "Respondents have not provided any evidence demonstrating that petitioner's removal is significantly likely, and thus failed to meet their burden to show a significant likelihood that petitioner will be removed in the reasonably foreseeable future.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are ADOPTED in full;

---

[1]   A certificate of appealability is not required for an appeal from the denial of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  See 28 U.S.C. § 2253; Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008).

2

2.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED as to claims one and two alleging violations of due process and 8 C.F.R. § 241.13(i);

3.  Respondent is ordered to IMMEDIATELY release petitioner Nhan Hoang Truong from ICE custody under the same conditions he was previously released under the Order of Supervision immediately prior to his October 29, 2025 re-detention.  Respondent is ordered to provide petitioner with a copy of the release order at or near the time of release.  If Respondent has custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release;

4.  The Government is ENJOINED AND RESTRAINED from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures;

6.  The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 26, 2026**

_____
Dena Coggins
United States District Judge

3